NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180453-U

NO. 4-18-0453

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 11, 2020
Carla Bender
4ᵗʰ District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| DARIUS J. BROWN, | ) | No. 17CF295 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The sentencing court did not err when imposing defendant's sentence and did not abuse its discretion in the consideration of various factors.

¶ 2    In June 2017, defendant pleaded guilty to aggravated domestic battery and was sentenced to 24 months' probation. Six months into defendant's probation, the State filed a petition to revoke, claiming defendant violated various conditions of his probation. Defendant admitted some the allegations. In April 2018, the trial court resentenced defendant to six years in prison. Defendant appeals the sentence, claiming it was excessive since the court (1) failed to apply any factors in mitigation and (2) expressed negative personal feelings about the crime. After this court's review of the record, we find no error, and accordingly, we affirm the court's judgment.

¶ 3                                 I. BACKGROUND

¶ 4        In June 2017, defendant pleaded guilty to aggravated domestic battery with great bodily harm, a Class 2 felony. 720 ILCS 5/12-3.3(a) (West 2016). The victim was defendant's girlfriend, Bailey Wooten. According to the State's factual basis, Wooten sought medical attention for bruises on her arms, legs, and back. The medical providers called the police. Although she was hesitant, she eventually told the police defendant had battered her multiple times in the days prior. The parties stipulated the number of bruises would constitute great bodily harm. After considering the terms of the plea agreement, and pursuant thereto, the trial court, the Honorable Thomas M. O'Shaughnessy presiding, sentenced defendant to 24 months' probation and the required statutory minimum of 60 days in jail (720 ILCS 5/12-3.3(b) (West 2016)) with credit for 47 days of time served. As part of his conditions, defendant was to obtain a domestic violence evaluation and participate in any recommended treatment.

¶ 5        In December 2017, the State filed a petition to revoke defendant's probation after he was charged with one count of domestic battery and one count of interfering with the reporting of domestic violence. The State then filed a supplemental petition to revoke, alleging defendant (1) failed to report to his probation office on three occasions, (2) tested positive for alcohol on two occasions, and (3) was terminated from the domestic violence program for absenteeism and for obtaining a new domestic violence charge. In a "blind admission," defendant admitted allegations (2) and (3) as set forth above, while the State withdrew (1).

¶ 6        In April 2018, the trial court, the Honorable Nancy S. Fahey presiding, proceeded to sentencing, noting that defendant's blind admission meant "all sentencing options for a Class 2 felony would be open to the court." The State presented a presentence investigation report (PSI) and the testimony of Danville police officer Kody Kidwell and probation officer Michelle Merz.

¶ 7            Kidwell testified he was dispatched to a domestic battery call in December 2017 and met with Wooten at her residence. Wooten had swelling on her face and hand and cuts on her nose and elbows. She reported she was 20 weeks pregnant and had been kicked in the stomach. Her injuries occurred at the hands of defendant. Defendant punched Wooten in the face, shoved her to the floor, and kicked her multiple times in the stomach. Defendant took Wooten's cell phone and $300 from her pocket. The altercation continued outside where defendant threw Wooten to the ground and kicked her in the stomach again. Defendant left the residence, and Wooten used a neighbor's phone to call the police. Wooten again later called the police when defendant returned. Defendant told police Wooten received her injuries after fighting with a female. Wooten told police the same in defendant's presence.

¶ 8            Merz confirmed she was defendant's probation officer. He had been sentenced to probation in June 2017 in this matter, and she authored the PSI. Since then, defendant admitted to further use of alcohol or drugs and admitted leaving the state to Indiana without permission. In Indiana, he was arrested for promoting prostitution and contributing to delinquency of a minor.

¶ 9            Defendant testified on his own behalf, stating he resided at 102 Fairweight in Danville. He previously lived at 1010 Hazel Street with his 63-year-old father and 33-year-old disabled brother. His brother has multiple sclerosis and is unable to move around on his own. Defendant said he helps his father take care of his brother so there would be no one to help his father should defendant go to prison.

¶ 10           Defendant denied the allegations regarding the promotion of prostitution in Indiana. He admitted he has an alcohol problem and was participating in treatment.

¶ 11           On cross-examination, defendant recalled meeting with Merz for the purpose of the preparation of the PSI. He told her he lived at 1010 Hazel Street with his father. When asked if he

told Merz "anything about [his] brother's disability," defendant said, "Yes, she knows, she knows about [him]." Defendant said he had told Merz he helps support his brother. (However, there is no mention in the PSI of defendant's claim that he assists his father in his brother's care.)

¶ 12    After considering the evidence, counsels' recommendations, and defendant's statement in allocution, the trial court stated:

"Okay. Well, this original charge you plead guilty to Aggravated Domestic Battery against Ms. Wooten, correct.

* * *

Whatever reason you did it for there's no excuse for it. But, anyway, you plead guilty to that. So at least on one prior occasion you committed Domestic Battery against Ms. Wooten. I'm not taking into consideration any of the excess testimony that was presented regarding the situation in December of 2017 or anything that went on in Indiana. I'm just concentrating on this particular offense and your prior offenses; five juvenile delinquency cases many of which involve violence, three prior felony cases, one you were on probation, two you were sentenced to [prison], and one of those was because you had violated probation. And to be very frank with you, you were given an opportunity at probation in this case and you blew it. For whatever reason you blew it. And in this Court's opinion Aggravated Domestic Battery is a serious, inexcusable, reprehensible, disgusting offense, and I'm not gonna tolerate it.

When I look at the factors in mitigation I'm not—I personally don't feel that there are any that apply because I think the issue of your dad and your brother if it had been a relevant issue would have been brought up a long time ago and

- 4 -

apparently this is the first that we're hearing about that. So I don't see any others. I know [defense counsel] wanted me to consider that but I'm not considering that as a factor in mitigation in this case. The fact that you and Ms. Wooten have had another child together, I'm not considering that a factor in mitigation.

I look at the factors in aggravation I find that your conduct caused or threatened serious harm. That you have a history of prior delinquency or criminal activity much of which involve violence, and that the sentence is necessary to deter others from committing the same crime.

So having regard to the nature and circumstance of the offense, and the history, character and condition of the offender the Court is of the opinion that probation would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice.

The Court is sentencing you to six years in the Illinois Department of Corrections at 85 percent."

¶ 13 Defendant filed a motion to reconsider sentence, claiming the trial court erred by, *inter alia*, failing to consider several factors in mitigation and not allowing counsel to question the probation officer about whether defendant had mentioned supporting his disabled brother.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 Defendant claims the trial court erred in sentencing him to six years in prison when the court failed to apply any factors in mitigation and demonstrated personal prejudice against him. The State disagrees.

¶ 17         " 'The sentence imposed by the trial court is entitled to great deference and will not be reversed on appeal absent an abuse of discretion.' " *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 39 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38). This is because we recognize the trial court is in the best position to gauge a number of relevant factors when deciding an appropriate sentence, such as "the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." (Internal quotation marks omitted.) *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56. Only when a sentence varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense can a trial court be found to have abused its discretion at sentencing. *Wheeler*, 2019 IL App (4th) 160937, ¶ 39. A sentence within the statutory guidelines provided by the legislature is presumed to be proper. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 18         In considering the propriety of a sentence, the balance to be struck amongst aggravating and mitigating factors is a matter of judicial discretion and should not be disturbed absent an abuse of that discretion. *People v. Crenshaw*, 2011 IL App (4th) 090908, ¶ 24. "The weight to be accorded each factor in aggravation and mitigation in setting a sentence of imprisonment depends on the circumstances of each case." *People v. Hernandez*, 204 Ill. App. 3d 732, 740 (1990). "In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *People v. Fern*, 189 Ill. 2d 48, 53 (1999).

¶ 19         The trial court sentenced defendant on the Class 2 felony of aggravated domestic battery to six years in prison. 720 ILCS 5/12-3.3(a), (b) (West 2016). The statutory range of imprisonment for a Class 2 felony shall be no less than three years and no more than seven years. 730 ILCS 5/5-4.5-35 (West 2016). Thus, we begin with the presumption the sentence is proper.

*Knox*, 2014 IL App (1st) 120349, ¶ 46. Defendant claims the trial court's personal bias and its failure to consider any mitigating factors demonstrated an abuse of discretion. He has the burden to affirmatively show the sentence was based on improper considerations. *People v. Williams*, 2018 IL App (4th) 150759, ¶ 18.

¶ 20        In this case, the trial court considered the PSI and the evidence presented, the recommendations of counsel, the comments of defendant, and the statutory factors in aggravation and mitigation in reaching its sentencing decision. The court highlighted defendant's extensive criminal history, including the fact he had committed violent conduct in the past for which he served terms of imprisonment. The court also found defendant had been given past opportunities for community-based sentences, which were unsuccessful. As the court stated, defendant was "given an opportunity at probation in this case and [he] blew it."

¶ 21        The trial court also emphasized the need to deter others from committing this "serious, inexcusable, reprehensible, disgusting offense[.]" Although the judge expressed disgust regarding the circumstances of this case, "[t]he fact that a sentencing judge added some personal observations, while not to be encouraged, does not amount to an abuse of discretion" if the record shows he or she considered proper factors. *People v. Kolzow*, 301 Ill. App. 3d 1, 9 (1998). There was no abuse of discretion here when the court specifically considered the totality of defendant's history—criminal and personal.

¶ 22        The trial court, who was in the best position to make credibility determinations, did not believe defendant's claim that a sentence of imprisonment would be to the detriment of the care for his disabled brother. Indeed, defendant mentioned early in the proceedings (in June 2017), his brother's disability. However, defendant did not live with his father or brother and said only that when he was not in custody, he "helped" take care of his brother. He offered no further detail

or explanation. From this prior testimony, the court could reasonably assume defendant's father was the primary caretaker, capable of caring for his disabled son, and did not rely on defendant to do so.

¶ 23　　　Ultimately, the trial court found a six-year prison sentence was necessary based on defendant's history, the nature and circumstances of the crime, and the need to deter others from committing similar crimes. Based on the evidence before it, we cannot say the trial court abused its discretion in rendering its sentencing decision.

¶ 24　　　　　　　　　　III. CONCLUSION

¶ 25　　　For the foregoing reasons, we affirm the trial court's judgment.

¶ 26　　　Affirmed.